MoFarlayd, J.,
delivered the opinion of the court.
McMillian brought this action against the executors of the will of Thos. H. Callaway, deceased, to recover the value of 57£. 17s. sterling, which said Callaway had, through B. T. Wilson, caused to be deposited in a bank at London, and which he afterwards withdrew. This fund, as McMillian alleges, belonged to him, and was so deposited and received by said Cal-laway to his (the plaintiff’s) use.
Verdict and judgment were for McMillian, and the defendants have appealed in error.
Two errors are assigned in argument.
1. The court below sustained a demurrer to the plea filed by the defendants, of the statute of limitations of three years.
*559 In this, we are clearly of -the opinion that there was no error. It is true the summons is in the form prescribed in the Code — summoning the defendants to answer the plaintiff in an action to his damage, etc. — but the declaration is in the form of debt. The second count, upon which the jury found for the plaintiff, was for money had and received to the plaintiff’s use.
So it is clear that if the question was controlled by the form of the action, as was the case previous to the adoption of the Code, that the statute of three years had no application. But it is equally clear that, since the adoption of the Code, it is the cause of the action, and not the form, that determines the statute of limitation applicable, and that the statute of three years does not apply. See Code, secs. 2769, 2777.
The second error assigned, is in the rejection by the court of evidence offered by the defendants in support of their plea of set-off.
This evidence consisted of entries in a memorandum book, carried by Thos. H.' Callaway in his lifetime in his pocket, an'd which was found by his executors after his death, and which entries were proven to be in said testator’s handwriting; and it was also proven by the executors that they had no other means of proving these items. The entries are as follows:
“June 1, 1864. Left with D. C. McMillian, in greenbacks, $800.”
“June 22, 1864. Left with D. C. McMillian $145.”
*560 “August 23, 1864. Received of D. C. McMillian, of the money .left with him, $565 in greenbacks, and in salt, flSO.”
We are aware of no rule of evidence upon which this book, or the entries therein, can be regarded as admissible evidence for the defendants. The authorities referred to, relate principally to entries made by third parties. As to these, there are two distinct classes, and are each admissible upon different grounds. The first class are entries made in the course of official duty or professional employment. These are admissible as original evidence. The second class are entries made by parties against their own interests, who have since died. These entries are secondary evidence. See 1 Greenleaf, secs. 115, 116, 147.
In some cases the principal of the first class of cases has been extended to the parties own books, and entries made by the party himself, but in this State that subject has been expressly regulated by statute. And it is very clear that these entries are not admissible, either under the statute or the general common law principle stated. It was not a book account, nor were the entries made in the course of any business or professional employment, but this was a mere private memorandum, and we think upon no principle admissible.
We are of opinion that' there is no error, and the judgment is affirmed.